UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KEVIN BACHHUBER, on behalf of himself
and others similarly situated,

               Plaintiff,

                                     Case No.: 1:26-cv-04382-HJR

v.

BERKMAN FUNDING LLC,

               Defendant.

_____

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## CLASS ACTION COMPLAINT

Defendant, Berkman Funding LLC ("Defendant"), by and through its attorneys, Lippes

Mathias LLP, hereby submits this Answer with Affirmative Defenses to the Complaint filed by

Plaintiff Kevin Bachhuber's ("Plaintiff"), individually and on behalf of others similarly situated,

stating as follows:

1.       Admitted in part. Defendant acknowledges that Plaintiff brings this action against

Defendant but denies that it engaged in any wrongful conduct or that Plaintiff is entitled to the

relief sought.

2.       Admitted in part. Defendant acknowledges that Plaintiff brings this action pursuant

to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"), but denies that it

violated said statute or engaged in the conduct alleged in the Complaint.

3.       Defendant denies each and every allegation contained in Paragraph 3.

4.       Admitted in part. Defendant admits Plaintiff brings this matter as a proposed class

action. Defendant denies a class is appropriate in this matter and that it engaged in the conduct

alleged in Paragraph 4.

**PARTIES**

5.      Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 51 and therefore, denies same.

6.      Admitted in part. Defendant admits that it is a New York limited liability company. Defendant denies the remaining allegations in Paragraph 6.

**JURISDICTION AND VENUE**

7.      The allegations contained in Paragraph 7 are conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 7.

8.      The allegations contained in Paragraph 8 are conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 8.

9.      The allegations contained in Paragraph 9 are conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 9.

**BACKGROUND**

10.     The TCPA speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 10.

11.     The cited decisional authority speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 11.

12.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 12 and therefore, denies same.

13.     The TCPA speaks for itself and no response is required. To the extent that a

response is required, Defendant denies each and every allegation in Paragraph 13.

14.     The TCPA speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 14.

15.     The TCPA speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 15.

16.     The TCPA speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 16.

17.     The cited decisional authority speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 17.

18.     The TCPA speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 18.

19.     The TCPA speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 19.

### *Plaintiff Kevin Bachhuber*

20.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 20 and therefore, denies same.

21.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 21 and therefore, denies same.

22.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 22 and therefore, denies same.

23.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 23 and therefore, denies same.

24.     Defendant lacks information or knowledge sufficient to form a belief as to the

allegations in Paragraph 24 and therefore, denies same.

25. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 25 and therefore, denies same.

26. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 26 and therefore, denies same.

27. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 27 and therefore, denies same.

28. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 28 and therefore, denies same.

29. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 29 and therefore, denies same.

30. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 30 and therefore, denies same.

31. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 31 and therefore, denies same.

32. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 32 and therefore, denies same.

33. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 33 and therefore, denies same.

34. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 34 and therefore, denies same.

35. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 35 and therefore, denies same.

36.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 36 and therefore, denies same.

37.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 37 and therefore, denies same.

38.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 38 and therefore, denies same.

### Defendant Engages in Telemarketing

39.     Defendant's website speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 39.

40.     Defendant denies each and every allegation contained in Paragraph 40.

41.     Defendant's website speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 41.

42.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 42 and therefore, denies same.

43.     Defendant denies each and every allegation contained in Paragraph 43.

44.     Defendant denies each and every allegation contained in Paragraph 44.

45.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 45 and therefore, denies same.

### Defendant Violated the TCPA

46.     Defendant denies each and every allegation contained in Paragraph 46.

47.     Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 47 and therefore, denies same.

48.     Defendant lacks information or knowledge sufficient to form a belief as to the

allegations in Paragraph 48 and therefore, denies same.

49.    Defendant denies and ever allegation contained in Paragraph 49.

50.    Defendant denies each and every allegation contained in Paragraph 50.

51.    Defendant denies each and every allegation contained in Paragraph 51.

## I.    CLASS ACTION ALLEGATIONS

52.    Defendant admits Plaintiff brings this matter as a proposed class action. Defendant denies a class is appropriate in this matter.

53.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 53 and therefore, denies same.

54.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 54 and therefore, denies same.

55.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 55 and therefore, denies same.

56.    Defendant denies Paragraph 56 and further denies that a class is appropriate in this matter.

57.    Defendant denies Paragraph 57 and further denies that a class is appropriate in this matter.

58.    Defendant denies Paragraph 58 and further denies that a class is appropriate in this matter.

59.    Defendant denies Paragraph 59 and further denies that a class is appropriate in this matter.

60.    Defendant denies Paragraph 60 and further denies that a class is appropriate in this matter.

61.    Defendant denies Paragraph 61 and its subparts and further denies that a class is appropriate in this matter.

62.    Defendant denies Paragraph 62 and further denies that a class is appropriate in this matter.

## COUNT I
**Telephone Consumer Protection Action (Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

63.    Defendant repeats and reincorporates all statements and denials stated in previous paragraphs as if fully set out herein.

64.    Defendant denies each and every allegation contained in Paragraph 64.

65.    Defendant denies each and every allegation contained in Paragraph 65.

66.    Defendant denies each and every allegation contained in Paragraph 66.

67.    Defendant denies each and every allegation contained in Paragraph 67.

## COUNT II
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d) (On Behalf of Plaintiff and the Internal Do-Not-Call Registry Class)**

68.    Defendant repeats and reincorporates all statements and denials stated in previous paragraphs as if fully set out herein.

69.    47 C.F.R. § 64.1200(d) speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 69.

70.    47 C.F.R. § 64.1200(d) and (e) speaks for itself and no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 70.

71.    Defendant denies each and every allegation contained in Paragraph 71.

72.    Defendant denies each and every allegation contained in Paragraph 72.

7

73.    Defendant denies each and every allegation contained in Paragraph 73.

74.    Defendant denies each and every allegation contained in Paragraph 74.

75.    Defendant denies each and every allegation contained in Paragraph 75.

76.    Defendant denies each and every allegation contained in Paragraph 76.

77.    Defendant denies each and every allegation contained in Paragraph 77.

78.    Defendant denies each and every allegation contained in Paragraph 78.

79.    Defendant denies each and every allegation contained in Paragraph 79.

## JURY DEMAND

80.    Defendant admits that Plaintiff seeks a jury trial.

## FIRST AFFIRMATIVE DEFENSE

81.    The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

82.    Plaintiff failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

83.    Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

84.    Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority.

8

## FIFTH AFFIRMATIVE DEFENSE

85.    Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

## SIXTH AFFIRMATIVE DEFENSE

86.    Defendant had prior express written consent for the conduct alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

87.    Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the do-not-call registry.

## EIGHTH AFFIRMATIVE DEFENSE

88.    Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

## NINETH AFFIRMATIVE DEFENSE

89.    Plaintiff and Defendant have an established business relationship.

WHEREFORE, Defendant, Berkman Funding LLC, respectfully demands judgment against Plaintiff, Kevin Bachhuber, dismissing the Class Action Complaint in its entirety, and for such other and further relief as this Court may deem just, proper, and equitable, together with the costs and disbursements of this action.

9

DATED:      July 21, 2026

**LIPPES MATHIAS LLP**


*/s/ Tessa R. Scott*
Tessa R. Scott, Esq.
Sean M. O'Brein, Esq.
*Attorneys for Defendant*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Tel: (716) 853-5100
Fax: (716) 853-5199
Email: tscott@lippes.com
         sobrien@lippes.com
