**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEVIN BACHHUBER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>   -against-<br><br><br>BERKMAN FUNDING LLC,<br><br>Defendant(s). | Case No. 1:26-cv-04382<br><br>**[Proposed] Case Management Plan and Scheduling Order** |

The parties submit this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1.  **Meet and Confer:**   The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on July 30, 2026 via video conference.

2.  **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff: Plaintiff Kevin Bachhuber ("Plaintiff") registered his cellular telephone number with the National Do Not Call Registry in March 2012 to avoid unwanted telephone solicitations. Defendant Berkman Funding LLC ("Defendant") is a business-funding company that offers alternative financing products to small businesses throughout the United States. Plaintiff is not, and has never been, a customer of Defendant and has never consented to receive telephone solicitations from Defendant.

Despite the absence of any business relationship or consent, Defendant allegedly placed multiple telemarketing calls to Plaintiff to solicit the purchase of its business-funding services. Plaintiff was not interested in Defendant's services, yet the calls continued. Plaintiff alleges that these repeated, unauthorized calls invaded his privacy and violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation marks omitted).

Plaintiff seeks to represent a class of similarly situated individuals who received comparable telemarketing calls from or on behalf of Defendant. The proposed class period encompasses calls made during the four years preceding

1

the filing of the Complaint.

<u>Defendant</u>: Defendant has answered the operative Complaint, denying the material allegations therein and asserting a number of affirmative defenses. Defendant disputes that this lawsuit is appropriate for class treatment.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>: Discovery will likely be needed concerning: (1) Defendant's telemarketing practices; (2) calls made to Plaintiff and putative class members; (3) the entities, systems, records, and data used to place the calls; (4) the source of the telephone numbers and any consent or established business relationship; (5) Defendant's TCPA and do-not-call compliance policies; (6) the proposed classes and Rule 23 requirements; (7) damages and willfulness; and (8) Defendant's defenses.

<u>Defendant</u>: Defendant will require discovery on all of Plaintiff's causes of actions, the underlying factual allegations regarding same, and Plaintiff's claim for damages. Defendant will also require discovery on the basis for its affirmative defenses. It is possible that Defendant will require third-party discovery relating to the above.

5. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>August 26, 2026</u>.

   a. Plaintiff served the information required by Fed. R. Civ. P. 26(a)(1) on <u>August 26, 2026.</u>

   b. Defendant will serve the information required by Fed. R. Civ. P. 26(a)(1) by <u>August 26, 2026</u>.

6. **Amended Pleadings:**

   a. No additional parties may be joined after <u>November 12, 2026</u>. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**b.** No amended pleadings may be filed after <u>November 12, 2026</u>. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**7. Discovery Plan:**

**a.** All fact discovery shall be completed by <u>May 12, 2027</u> .

**b.** Initial requests for production shall be served by <u>September 2, 2026</u>. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

**c.** Initial interrogatories shall be served by <u>September 2, 2026</u>. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

**d.** Requests to admit shall be served by <u>September 2, 2026</u>.

**e.** Depositions shall be completed by <u>April 12, 2027</u>.

**f.** The parties propose the following limits on discovery: <u>None at this time.</u>

**g.** Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

**h.** The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery: <u>None at this time.</u>

**8. Expert Discovery (if applicable):**

**a.** The parties do anticipate using testifying experts.

**b.** Anticipated areas of expertise:

<u>Plaintiff:</u> Plaintiff anticipates expert discovery related to the following topics: Telemarketing systems and practices; call-record and database analysis; identification of telephone subscribers and consent records; and TCPA compliance. The parties reserve the right to identify additional areas of expertise as discovery progresses.

<u>Defendant</u>: Defendant will require an expert to respond to the Plaintiff's anticipated expert.

**c.** Expert discovery shall be completed by <u>August 10, 2027</u>.

**d.** No less than <u>30 days before the end of fact discovery</u>, the parties shall

meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

e.    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery: <u>None at this time.</u>

9.    **Electronic Discovery and Preservation of Documents and Information:**

a.    The parties have  discussed electronic discovery.

b.    If applicable, the parties shall have a protocol for electronic discovery in place by <u>September 28, 2026</u>.

c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery: <u>None at this time.</u>

10.    **Anticipated Motions** (other than summary judgment, if any)**:** Plaintiff anticipates filing a motion for class certification under Federal Rule of Civil Procedure 23. The parties propose that Plaintiff file the motion on <u>September 9, 2027</u>, 30 days after the close of expert discovery, with Defendant's opposition due <u>October 25, 2027</u>, and Plaintiff's reply due <u>November 24, 2027</u>. The parties respectfully request that the Court decide class certification before establishing a schedule for summary-judgment motions.

11.    **Summary Judgment Motions:**    The parties respectfully request that no deadline for summary-judgment motions be set at this time. Following the Court's decision on Plaintiff's motion for class certification, the parties propose submitting a joint letter recommending an appropriate schedule for any summary-judgment motions, including any additional merits discovery necessitated by the class-certification ruling.

12.    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

13.    **Trial:**

a.    All parties <u>do not</u> consent to a trial before a Magistrate Judge at this time.

b.    The case <u>is</u> to be tried to a jury.

    c.      The parties anticipate that the trial of this case will require _2–3 day jury trial. If the case is certified as a class action, trial is expected to last approximately 5–6 days. If the jury finds facts establishing liability, the parties anticipate a 1-day bench trial on knowledge and willfulness.

**14.    Early Settlement or Resolution:**

    a.      Settlement discussions have taken place and the parties are working toward a private mediation in the fall of 2026.

    b.      The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: the parties have discussed what information would need to be exchanged and are investigating the viability of producing such information in short order.

    c.      The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (iii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case: private mediation.

    d.      The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

    e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**15.    Other Matters the Parties Wish to Address (if any):**

**16.    The Court will fill in the following:**

☐ A status conference will be held before the undersigned on _____ at _____.m.

☐ The parties shall submit a joint status letter by _____ no longer than _____ pages.

Respectfully submitted this _____day of _____, _____

PLAINTIFF:                                      DEFENDANT:

*Stewart Abramson*                              *Berkman Funding LLC*

_____                 _____

  ATTORNEY NAME:                                  ATTORNEY  NAME:

*Anthony Paronich*                              *Sean M. O'Brien, Esq.*

_____                 _____


   ADDRESS                                         ADDRESS

Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
                                                Lippes Mathias, LLP
                                                50 Fountain Plaza, Suite 1700
                                                Buffalo, New York 14202


  TEL:  (617) 485-0018                          TEL: 716-853-5100

  EMAIL: anthony@paronichlaw.com                EMAIL:sobrien@lippes.com


Dated: New York, New York

     _____


                                                SO ORDERED.


                                                _____

                                                HENRY J. RICARDO
                                                United States Magistrate Judge

6